## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDUCATIONAL CREDIT            )
MANAGEMENT CORPORATION,       )
                             )
            Plaintiff,        )
    v.                        )
                             )        1:19CV537
TKD AUTOMOTIVE, INC. d/b/a    )
CAROLINA HYUNDAI OF HIGH      )
POINT,                        )
                             )
            Defendant.        )

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Educational Credit Management Corporation's Motion for an Award of Attorneys' Fees [Doc. #50]. Summary judgment was granted in favor of Educational Credit Management Corporation ("ECMC") on liability, damages, costs, and entitlement to attorney's fees. (Mem. Op. & Order [Doc. #40].) However, ECMC did not provide sufficient supporting evidence of its requested fees to allow for an assessment of their reasonableness. (Id.) ECMC has now done so. For the reasons explained below, the motion is granted in part and denied in part in that ECMC is awarded a reduced amount of attorney's fees.

The facts of this case are detailed in this Court's summary judgment opinion. In short, TKD Automotive, Inc. d/b/a Carolina Hyundai of High Point ("TKD") employed a borrower of federal student loans who had defaulted. ECMC is a guaranty agency authorized to collect defaulted funds from a borrower's employer through administrative orders to garnish the borrower's wages. Pursuant to 20

U.S.C. § 1095a, ECMC brought this action against TKD after it failed to comply with the withholding orders.  Summary judgment was granted in ECMC's favor as to TKD's liability and damages in the amount of $6,199.39 owed in wages that should have been garnished.  The statute provides that attorney's fees and costs may also be awarded, and ECMC was awarded $778.29 in costs, but, although it was found to be entitled to attorney's fees, the reasonableness of the requested fees could not be assessed.  A hearing was scheduled, and ECMC was afforded the opportunity to file materials in support of its requested fees to which TKD could then respond.  At ECMC's request, the hearing was continued and has not been rescheduled.  It is determined that a hearing is unnecessary because the parties' filings sufficiently address the issues raised by the Court.

Title 20 U.S.C. § 1095a(a)(6) states that

the employer . . . shall be liable for, and . . . the guaranty agency, as appropriate, may sue the employer . . . to recover, any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys' fees, costs, and, in the court's discretion, punitive damages[.]

At summary judgment, ECMC requested $28,220.79 in attorney's fees.  It cited Educational Credit Management Corp. v. Central Equipment Co., 477 F. Supp. 2d 788 (E.D. Ky. 2007), for the proposition that "fees recoverable under 20 U.S.C. § 1095a are not subject to a reasonableness analysis based on the plain language of the statute."  But, ECMC nevertheless contended that the issue need not be reached because its fees are reasonable.  In its more recent motion for

2

attorney's fees, filed nine months after its summary judgment motion, ECMC requests $46,643.00 (and $31.90 in additional costs). In a footnote in its brief in support of its motion for attorney's fees, ECMC again states that § 1095a does not expressly require the attorney's fees to be reasonable but contends that its fees are. In support of its request, ECMC has submitted the affidavit of its counsel Lisa P. Sumner [Doc. #22-2, #24-2], ECMC's invoices [Doc. #51-1], and a summary table of its fees and costs [Doc. #51-2]. In response, TKD argues that ECMC's requested fees are unreasonable considering the factors from Robinson v. Equifax Information Services, LLC, 650 F.3d 235 (4th Cir. 2009), "excessive", and would be "a windfall" "in light of the amount of the garnishment awarded . . . and [its] reasonable efforts to resolve this litigation". (Def.'s Resp. in Opp'n at 3, 6-7 [Doc. #52].)

First, although § 1095a does not explicitly state that the award of attorney's fees must be reasonable, many district courts require the award to be reasonable. Faced with this question, the district court in Central Equipment Co. declined to add the word "reasonable" to the statute and awarded "all attorneys' fees and costs incurred by ECMC in collecting the defaulted loan." 477 F. Supp. 2d at 793. Yet, the court then reviewed the award for reasonableness in all but name, explaining,

> Out of an abundance of caution and to ensure that an award of full
> attorney fees in this case would be compensatory and not a potential
> windfall, this Court ordered that the billing statements of ECMC's
> counsel be filed under seal for in camera review. This Court is familiar
> with attorneys' fees in this community and also has reviewed the

3

billing statements regarding the nature of the work performed.  The
Court finds both the fees and the work performed to be appropriate.

Id. at 794.

Courts have expressed concern that without discretion to review attorney's
fees for reasonableness, they would be "acting merely as a 'rubber stamp' with no
choice but to automatically approve the full amount of whatever attorney's fees
[the guaranty agency] chooses to claim, regardless of whether the amount is
reasonable." E.g., Educ. Credit Mgmt. Corp. v. Wilson, No. 1:05-cv-41, 2006 WL
4608614, at *8 (E.D. Tenn. Oct. 3, 2006).  Thus, courts have held that a
guaranty agency "is only entitled to recover those expenses reasonably incurred by
its attorneys in connection with work that was both useful and necessary to its
claim in . . . court." United Student Aid Funds, Inc. v. Prodanis, Inc., No. 07-214-
JL, 2008 WL 2180177, at *2 (D.N.H. May 23, 2008); see also, e.g., Tex.
Guaranteed Student Loan Corp. v. Cmty. Check Cashing, LLC, No. SA-13-CV-390-
DAE, 2013 WL 4400885, at *5 (W.D. Tex. Aug. 14, 2013) (assessing the
reasonableness of the requested fees); United Student Aid Funds, Inc. v. Gary's
Grading & Landscaping, No. 6:07-cv-1140-Orl-19DAB, 2009 WL 161711, at *5
(M.D. Fla. Jan. 21, 2009) (assessing the reasonableness of requested fees).  This
Court agrees.

The Fourth Circuit Court of Appeals' guidance on calculating an award of
attorney's fees is by now familiar.  First, the court "determine[s] a lodestar figure
by multiplying the number of reasonable hours expended times a reasonable rate."

4

Robinson, 560 F.3d at 243.  The court is informed by the following factors when assessing whether rates and hours are reasonable:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)).  "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." Id. at 244 (emphasis removed).  Next, the court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones." Id.  Finally, the court "awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id.

ECMC's lead counsel Lisa P. Sumner has been licensed to practice law since 1994 and maintains a license in North Carolina, South Carolina, and Virginia. (Aff. of Lisa P. Sumner ¶ 1.)  She primarily practices in the areas of commercial litigation, collections, and bankruptcy and has represented ECMC in connection with student loans since at least 2006. (¶ 3.)  She avers that Brooks Bossong, who has also represented ECMC in this case, has been licensed to practice law

5

since 1993 and similarly focuses on commercial litigation, collections, and bankruptcy. (Id. ¶ 4.) They each charged $400 per hour, which is a discounted rate from Sumner's usual fee. (Id. ¶ 5.) Meanwhile, Tammy Moldovan, the paralegal, billed $185 per hour, (id.), and Harris Watkins, an associate, billed $210 per hour, (Invoices at 47). In support of the reasonableness of the attorneys' hourly rates, Sumner earlier averred that she was familiar with other attorneys' hourly rates in this area because she reviewed attorney fee applications in bankruptcy cases in North Carolina. (Id. ¶ 6.) The Court found that attestation insufficient, so ECMC now directs the Court to Hilton v. Stern & Eisenberg P.C., No. 1:17-CV-00852, 2019 WL 2903626 (M.D.N.C. July 2, 2019), involving the settlement of a Fair Debt Collection Practices Act claim and the award of attorney's fees at an hourly rate of $350.00, and to In re Randolph Hospital, Inc., No. 20-10247 (Bankr. M.D.N.C. July 14, 2020), and In re AE Bicycle Liquidation, Inc., No. 18-0856 (Bankr. M.D.N.C. Dec. 12, 2019), in which hourly rates of $400, $450, and $620 were found to be reasonable. (Pl.'s Mem. of Law in Supp. at 6-8 [Doc. #51].) ECMC considers the bankruptcy cases relevant "[b]ecause a substantial portion of Ms. Sumner's and Mr. Bossong's practice is devoted to bankruptcy work". (Id. at 9.) While often fee applicants provide another attorney's affidavit as evidence of the reasonableness of the hourly rates, ECMC has not done so, instead having planned to present live testimony at the hearing, (id.). ECMC provides no evidence in support of the reasonableness of Watkins' $210 rate or Moldovan's $185 rate (other than Sumner's attestation of its reasonableness).

In support of the reasonableness of the time spent on this matter, ECMC submitted its detailed invoices and a summary table. In March and April 2019, prior to the initiation of litigation, counsel billed 3.1 hours communicating with TKD by letter and telephone to avoid the need to file suit. (Invoices at 1-4; Summary Table.) From May 2019 through December 2019, counsel billed 54.5 hours for time spent drafting the Complaint, drafting a consent extension of time for TKD to respond, reviewing TKD's Answer, drafting the Amended Complaint, preparing the Rule 26(f) Report, moving for entry of default, withdrawing that motion after TKD's belated Answer to the Amended Complaint, drafting initial discovery requests, preparing for and attending mediation, and communicating with their client and with TKD. (Invoices at 5-25; Summary Table.) From January 2020 through April 2020, counsel billed 28.9 hours for time spent reviewing TKD's discovery responses, briefing summary judgment, reviewing TKD's response in opposition, and drafting a consent order of substitution. (Invoices at 26-34; Summary Table.)

Because the summary judgment motion was pending, it was not until early September 2020 that counsel returned to their substantive work on the case when the trial court held a status conference in preparation for trial. Days later, the summary judgment opinion was issued. (See Invoices at 35-43; Summary Table (reporting 19.4 hours billed in September 2020).) In October, counsel billed 18 hours preparing materials in support of attorney's fees, briefing the issue, and addressing initial stages of TKD's appeal. (Invoices at 44-47; Summary Table.)

7

Application of the Robinson factors supports a reduction in ECMC's requested fees. As for the time and labor expended, the invoices show counsel have not duplicated work, have worked efficiently, and have focused their work on matters central to the case. Sumner and Bossong each have approximately 25 years of experience practicing law and primarily focus on commercial litigation, collections, and bankruptcy. Sumner has represented ECMC in student loan matters for approximately 15 years and has reduced her usual hourly rate in this matter. And, summary judgment was granted in favor of ECMC as to TKD's liability, and ECMC was awarded $6,199.39, the entirety of the amount owed in wages that should have been garnished.

On the other hand, counsel billed 3.1 hours for work in March and April 2019 before commencing this action – reviewing the "AWG package", drafting two demand letters to TKD, and communicating with TKD. Had TKD complied with those demand letters, ECMC would not have been required to file suit and, thus, would not have been statutorily entitled to recover the fees associated with this pre-suit work. The 3.1 hours billed by Sumner will be excluded.

Furthermore, in preparation for the October 27 hearing on attorney's fees, ECMC was afforded the opportunity "to file materials in support of its requested attorneys' fees" to which TKD could respond. Yet, in addition to time spent preparing those materials for submission, ECMC drafted a motion for attorney's fees, a brief in support of the motion, and a reply brief in further support. The parties had already briefed the issue of attorney's fees as part of the summary

8

judgment motion; ECMC's drafting a motion and briefing the issue were unnecessary.  Thus, 4 hours billed by Sumner and 5.9 hours billed by Watkins[1] will be excluded.[2]  ECMC's failure to provide the requisite support for its attorney's fees request at summary judgment necessitated the October hearing; yet, ECMC also seeks to recover fees charged for its motion to continue that hearing as well as a request for an extension of time to file the supporting materials.  The 1 hour billed by Bossong will be excluded.

Moreover, this action does not involve novel or difficult questions of law or fact or require a high level of skill to provide the legal services rendered (although Sumner's and Bossong's skill level is not in question).  Sumner attests that there is opportunity cost to this litigation because bankruptcy is the bulk of counsel's practice, but this straight-forward case did not require the type of legal research or discovery that would have necessarily impeded other representation.  Nothing before the Court suggests that this case was considered undesirable in the legal community.  If anything, its straight-forward nature and statutory provision of costs and attorney's fees suggest otherwise.

---

[1] See infra at 10 (excluding all hours billed by Watkins).
[2] With the exception of three time entries, time billed for briefing is not distinguished from time spent preparing materials supporting the reasonableness of the requested attorney's fees.  Because it is ECMC's burden to demonstrate the reasonableness of its fees, the entirety of those mixed time entries will be excluded.

9

Even if the Court accepts the hourly rate of $350 awarded Hilton[3] as evidence of the market rate in this community for this type of work (considering there will be no hearing at which ECMC can offer live testimony as it planned to do[4]) and that Sumner reduced her fee for this case, the weight of these factors supports a reduction in the hourly rate for Sumner and Bossong to $350. ECMC has not attempted to show the reasonableness of Watkins' hourly rate of $210. Without knowing his experience or how his hourly rate compares to a similarly situated attorney in this community, it is not possible to assess the appropriateness of his rate. Thus, ECMC has failed to meet its burden of showing Watkins' rate is reasonable, and all fees charged for the 7 hours Watkins worked on this matter will be excluded. Likewise, ECMC has not attempted to show the reasonableness of Moldovan's $185 hourly rate, other than Sumner's averment of its reasonableness. As with Watkins, the 9.8 hours Moldovan worked on this matter will be excluded because ECMC failed to meet its burden of showing the reasonableness of the hourly rate. See, e.g., Chambers v. Russell, No. 1:20CV498, 2021 WL 1581074, at *4 (M.D.N.C. Apr. 22, 2021) (declining to award fees

---

[3] Nothing before the Court gives context to the two Bankruptcy Court matters cited by ECMC that would allow for a comparison of those actions to this one.

[4] Live testimony is not necessary to show the market rate, nor would it have been the type of evidence ECMC was expected to submit at summary judgment when it requested its attorney's fees. As Robinson makes clear, "[e]xamples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." 560 F.3d at 245.

10

charged by the paralegal and law student where the only evidence of the reasonableness of their hourly rates was a conclusory general allegation that they were reasonable).

The parties dispute the propriety of weighing their settlement discussions as part of the reasonableness analysis. It appears the Fourth Circuit Court of Appeals would permit a court, in its discretion, to "consider settlement offers in determining the reasonable amount of attorney's fees." Nelson v. Cowles Ford Inc., 77 F. App'x 637, 644 (2003). However, here, the settlement discussions were part of the parties' mediation. With exceptions not relevant to this action, this District's Local Rules prohibit the discovery or admission in any proceeding in the action of "[e]vidence of statements made and conduct occurring in a mediated settlement conference". L. Civ. R. 83.9e(i). Therefore, the Court declines to consider the parties' settlement discussions.[5]

ECMC is awarded $34,720 in attorney's fees, calculated from 81.8 hours (reduced from 88.9 hours) billed at $350 for Sumner and 17.4 hours (reduced from 18.4 hours) billed at $350 for Bossong. There are no hours spent on unsuccessful claims unrelated to successful ones, and ECMC was awarded the entirety of its requested relief. Therefore, it is unnecessary to make any additional adjustments to the award.

---

[5] Even if it were permissible to consider the parties' settlement discussions, they have offered nothing but argument in briefs, rather than evidence, of those discussions.

Case 1:19-cv-00537-NCT-LPA   Document 54   Filed 11/16/21   Page 11 of 13

This award is over five times the damages recovered, and TKD argues that the time and labor billed are excessive and unreasonable. Despite now describing the "issues involved" as "straightforward", TKD maintained its adversarial position from pre-suit to after the entry of summary judgment. If TKD believes the law necessitates a different result than the Court found at summary judgment, it is certainly appropriate for it to have opposed ECMC's position. But it cannot now argue that ECMC's counsel's conduct was unreasonable. After TKD refused to comply with the Withholding Order despite demand letters and other communications with ECMC and its counsel, ECMC was forced to file suit. When TKD failed to respond to the Amended Complaint timely, ECMC moved for entry of default but withdrew it and permitted TKD to respond after the deadline. When mediation did not resolve the case, ECMC moved for summary judgment, which TKD opposed. ECMC's counsel did no substantive work on the case for months while the summary judgment motion was pending until they were required to do so because of a pre-trial status conference. Counsel's representation of ECMC in this matter was well within reason.

ECMC is also awarded $31.90 in costs that accrued for copies and PACER access since its summary judgment motion was filed.

For the reasons stated in this Memorandum Opinion, IT IS HEREBY

ORDERED that Educational Credit Management Corporation's Motion for an Award

of Attorneys' Fees [Doc. #50] is granted in part and denied in part.  IT IS FURTHER

ORDERED that Educational Credit Management Corporation is awarded $34,720 in

attorney's fees and $31.90 in costs.

This the 16th day of November, 2021.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge